UNITED STATES ex rel. PERELMAN v. INTERNATIONAL MERCANTILE MARINE CO. et al.

(Circuit Court of Appeals, Third Circuit. March 20, 1912.)

No. 1,544.

ALIENS (§ 54*)—EXCLUSION—FINDINGS OF BOARD OF INQUIRY.

A finding of the Board of Inquiry that an alien was likely to become a charge, and hence should be excluded, will not be disturbed, though a different conclusion might be reached.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

Habeas corpus proceeding by the United States of America, on relation of Henry Perelman, against the International Mercantile Marine Company and others. From the judgment, relator appeals. Affirmed.

Bernard Harris, for appellant.

J. W. Thompson, U. S. Atty., and J. Y. Brinton, Asst. U. S. Atty., for appellee.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before GRAY and BUFFINGTON, Circuit Judges, and YOUNG, District Judge.

YOUNG, District Judge. We are all of the opinion that this case is covered by the decision in the case of United States v. Rodgers, 191 Fed. 970, decided by this court. The Board of Inquiry had all the persons, brothers and sisters of Henry Perelman, and his father, before them. They were refused admission by the Board of Inquiry. We, on an examination of the evidence, might arrive at a different conclusion; but it cannot be said that there was no evidence from which it might be concluded that the petitioner had become indebted in England, had readily fallen in with a plan by which Klein got ahead of the other creditors, and left, owing at least $1,000, so that there was evidence both of debt and of willingness to cheat. The Board, therefore, having had the persons before them, the evidence of their failure abroad, and of Henry's willingness to cheat, had the means of judging whether or not they were likely to become a charge. As was said in the case of United States v. Rodgers, supra:

"We are not at liberty to set aside such determination, because on the record we think we might or would have reached a different conclusion. We have only to find that the inspectors acted within the scope of their authority and that the integrity of their proceedings is not impeached. We have no jurisdiction to correct their mistakes, if any, in finding as a fact that all the relators belonged to classes which, by section 2 of the Immigration Act of 1907 [Act Feb. 20, 1907, c. 1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1909, p. 447)], are excluded from admission into the United States."

The judgment of the United States District Court must therefore be affirmed.